The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between the plaintiff and the defendant/employer.
3. North Carolina Retail Self Insurance Fund is the carrier in this matter and CompCarolina is the servicing agent.
4. The date of the alleged injury in this matter is March 5, 1996.
5. An Industrial Commission Form 22 was submitted from which an average weekly wage would be determined.
6. All medical records for the plaintiff were stipulated into evidence and they consist of: one page documentation from James P. Green, M.D.; six pages of documentation from Sukri Vanichkachorn, M.D.; one page of documentation from Roland G. Turner, Jr., M.D.; two pages of documentation from Warren Health Plan; eleven pages of documentation from Community Memorial Health Center; four pages of documentation from Tupper Gillie, RPT; twenty-six pages of documentation from Duke Medical Center and one page of documentation from Warren Health Center.
7. The issues before this Commission are (i) whether plaintiff sustained an injury by accident on March 5, 1996 and (ii) if so what, if any, compensation is due plaintiff.
******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was thirty-three years old.
2. Plaintiff had been employed for approximately two years by the IGA Supermarket, Norlina, North Carolina as a meat cutter. Plaintiff's duties for this position included slicing and cutting meat, wrapping meat, placing meat in the display case, cleaning the display case and the meat department area, and unloading delivery trucks. Plaintiff would work from 7:00 a.m. to 5:30 p.m. on Mondays and from 8:00 a.m. to 5:00 p.m. on other days. Plaintiff was a good employee for defendant/employer.
3. On March 5, 1996, plaintiff contends that she was unloading meat by placing it on a cart and carrying it into the meat storage area. Plaintiff alleges that because of the weight of the meat, plaintiff's foot slipped on the wet floor and she fell injuring her back and shoulders.
4. Plaintiff alleges that she told Diane Willis Paschel, the bookkeeper for the supermarket, that she had injured herself. It is plaintiff's position that Ms. Paschel instructed plaintiff to remain at work because there was no one else to cover for her.
5. Diane Willis Paschel has no recollection of plaintiff's making this report.
6. On or about March 3, 1996, plaintiff had been in an accident involving a domestic dispute with her husband. Plaintiff's husband had rammed the car in which plaintiff was riding and tried to pull her out of the car with her arm.
7. Clint Willis, the meat department supervisor, also indicated that plaintiff had informed him that plaintiff's husband had rammed plaintiff's car. Mr. Willis has no recollection as to plaintiff's notifying him of an injury on March 5, 1996. Plaintiff and Mr. Willis worked in very close quarters and shared information relating to their work and personal lives.
8. Diane Willis Paschel did not receive notice of the injury until the latter part of March when plaintiff indicated she wished to file a Workers' Compensation claim.
9. Following the incident of March 5, 1996, plaintiff sought treatment from James P. Green, M.D., Sukri Vanichkachorn, M.D., Roland G. Turner, Jr., M.D., the Warren Health Plan, Tupper Gillie, RPT, Duke University Medical Center and Warren Health Center.
10. There is insufficient evidence from which to determine by its greater weight that the complaints of pain in her back and shoulders of which plaintiff subsequently complained were caused by or related to plaintiff's incident at work on March 5, 1996.
11. Plaintiff has failed to sustain her burden of proving that she sustained an injury by accident while in the scope of her employment with the defendant/employer.
******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that she sustained an injury by accident arising out of and in the course of her employment with the defendant/employer on March 5, 1996. North Carolina General Statute Section 97-2(6).
2. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. North Carolina General Statute Section 97-2(6).
******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be and the same is, DENIED.
2. Each side shall bear its own costs.
 S/ ___________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ___________________________ JOHN A. HEDRICK DEPUTY COMMISSIONER
S/ ___________________________ THERESA B. STEPHENSON DEPUTY COMMISSIONER